[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13713
Non-Argument Calendar

_____

D.C. Docket No. 8:20-cr-00003-CEH-AAS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EULOGIO CARABALI MONTANO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2021)

Before JILL PRYOR, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Eulogio Carabali Montano appeals his 151-month sentence for conspiracy to possess and possession with intent to distribute more than 5 kilograms of a substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), and 70506(b), as well as 18 U.S.C. § 2.  He argues that the district court erred by not granting his minor-role reduction request.[1]  Specifically, he contends that the court failed to properly compare his role with the role of other individuals involved in the wider conspiracy and that the court failed to properly address the minor-role determination factors in the guidelines.  The facts are familiar to the parties, and we repeat them only as necessary to resolve this appeal.[2]

The defendant must establish his minor role in the offense by a preponderance of the evidence.  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016).  Although we urge "district courts to clarify their ultimate factual findings by more specific findings when possible," "a district court is not required

---

[1] A defendant who was a minor participant in an offense receives a two-level decrease in his offense level.  U.S.S.G. § 3B1.2(b).  A minor participant is someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  *Id.* § 3B1.2, comment. (n.5).  A defendant convicted of drug offenses whose base offense level is 38 under the drug quantity table—like Montano here—receives a 4-level reduction if he was a minor participant in the offense.  U.S.S.G. § 2D1.1(a)(5).

[2] We review a district court's denial of a role reduction for clear error.  *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016); *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

2

to make any specific findings other than the ultimate determination of the defendant's role in the offense." *United States v. Rodriguez De Varon*, 175 F.3d 930, 940 (11th Cir. 1999) (en banc). "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient." *Id.* at 939 (quotation marks and emphasis omitted).

"[A] district court's determination of a defendant's mitigating role in the offense should be informed by two modes of analysis." *Id*. at 940. First, "the district court must measure the defendant's role against the relevant conduct for which she has been held accountable." *Id.* Second, the district court must measure the defendant's role against the other discernable participants in the relevant conduct. *Id.* at 944–45. But "[e]ven if a defendant played a lesser role than the other participants, that fact does not entitle her to a role reduction since it is possible that none are minor or minimal participants." *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) (quotation marks omitted).

The decision whether to apply a mitigating role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(c)). To assist the courts in making a role determination, the guidelines provide a list of non-exhaustive factors. *Id.* These factors include the degree to which the

defendant (i) "understood the scope and structure of the criminal activity," (ii) "participated in planning or organizing the criminal activity," and (iii) "exercised decision-making authority or influenced the exercise of decision-making authority," as well as an examination of (iv) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts," and (v) "the degree to which the defendant stood to benefit from the criminal activity." *Id.*

Here, the district court did not clearly err in denying Montano's minor role adjustment. Under *Rodriguez De Varon*'s first principle, we ask whether Montano "played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." 175 F.3d at 944. The record shows that all three crewmembers knowingly participated in the illegal transportation of a large quantity of cocaine, that their transportation roles were important to that scheme, and that the district court held Montano accountable only for that conduct. Under *Rodriguez De Varon*'s second principle, we ask whether Montano was less culpable than the other participants in the criminal activity. The evidence here shows that when the United States Coast Guard sought to accost the go-fast vessel, Montano, just as much as his cohorts Angel Quinones and Joshua David McLean, began to jettison the vessel's load. Montano's contention that he

4

was simply a courier in an international criminal organization is unavailing. Under *Rodriguez De Varon*, "[t]he conduct of participants in any larger criminal conspiracy is irrelevant." 175 F.3d at 944. And Montano didn't submit any evidence "at sentencing regarding any other co-conspirators, let alone anyone who [had] recruited or trained the [crewmembers], plotted the offense, or owned the drugs." *United States v. Cabezas-Montano*, 949 F.3d 567, 607 (11th Cir. 2020). Finally, in concluding that Montano was not entitled to a role reduction, the district court expressly considered the factors delineated in the guideline, explaining that based on *Rodriguez De Varon* and "the applicable note in the guidelines, it is clear that the Defendant Mr. Carabali Montano is not being held accountable for the conduct of those who planned this event, of those who owned the drugs, or anything other than that of just a mariner."

**AFFIRMED.**

5